By the Court, Nelson, Ch. J.
The prisoner’s confession was properly received in evidence. It was made after he had been distinctly apprised by the officer that the offence could not be settled, and when he knew that the law must take its course. The confession cannot, therefore, be said to have been made under the influence of previous inducements, (a)
*398 The question put to Flagg was properly overruled. In the first place, the witness was not bound to answer the question, as it might subject him to criminal punishment; and as no ground is stated in the bill of exceptions upon which the testi mony was claimed to be competent on one side, or incompetent on the other, any objection may be urged to it here that could have been taken on the trial. (b) The claim to have it received was general, and so was the objection to its admissibility. In the second place, if the question had been answered in the affirmative, the fact would have been immaterial, because possession of property in the thief is sufficient to make it the subject of larceny ; and the title may be laid either in the owner or the thief. Thus, if A. steal goods from B., and C. afterwards steal the same goods from A., C. is a felon bolh as to A. and B. (2 East’s Cr. L. 654 ; 2 Russ. 156 ; 1 Hale’s P. C. 507.)
It was doubtless intended by the legislature to reduce the offence of petit larceny to the grade of a misdemeanor; but 1 am inclined to think they did not accomplish their object. The statute declares, that “ every person who shall be convicted of stealing, &c. the personal property of another, of the valúe of twenty-five dollars or under, shall be adjudged guilty of petit larceny, and shall be punished by imprisonment in the county jail,” &c. (2 R. S. 690, § 1.) The crime is felony at common law; (2 East’s Cr. L. 736 • 3 Chit. Cr. L. 924;) and the only provision in the statute that can go to change the common law character of the offence is that which declares that the term “ felony,” when used in any statute, shall be construed to mean an offence for which the offender, on conviction, would be punishable by death, or by imprisonment in a state prison. (2 R. S. 702, § 30.) This provision defines *399 statute felonies, but does not interfere with those existing at common law untouched by the statute, of which the offence of petit larceny is one. The question is not, however, material in this case; for whether the offence be regarded as a felony or misdemeanor, it is well settled that there are no accessories in petit larceny. All are principals. The very point was determined in Evans’ case, by all the judges. (Foster, 73 ; see also 2 East's Or. L. 743 ; 1 Russ. 31 ; 1 Hale's P. C. 530, 616 ; 12 Rep. 81.)
There can be no doubt that ice put away in an ice-house for domestic use, is the private property of the party ; and, as such, the subject of larceny. It is now a very important article of commerce to be found in the markets of every commercial country.
I am satisfied the conviction was right, and that the judgment should be affirmed.
Ordered accordingly.

 See Cowen & Hill’s Notes to Phil. Ev. 235 to 250.

 Quere, however, whether the witness’ privilege in such case he not so far personal that the party is unable to avail himself of it. (See Marston v. Downes, 1 Adol. & Ell. 31 ; Thomas v. Newton, 1 Mood. & Malk. 48, note (b).)